## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **RICHARD C. HUNTLEY,** | **CASE NO.** |
| **PLAINTIFF,** | |
| **v.** | |
| **SAINT LEO UNIVERSITY through the Board of Trustees,** | **JURY DEMAND** |
| **DEFENDANT.** | |

## <u>COMPLAINT</u>

### I.     INTRODUCTION

This is an action arising from Plaintiff's employment at the St. Leo University, during which he was subjected to race discrimination and retaliation. Plaintiff is seeking damages for Defendants' violation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, as amended.

### II.     PARTIES

1.     Plaintiff Richard C. Huntley ("Plaintiff") is over the age of nineteen years of age and is an employee of Defendant.

2.      Defendant The Board of Trustees of Saint Leo University, Saint Leo University ("Defendant") is, upon information and belief, comprised of self-selected and self-perpetuating officials who are responsible for policy and

governance of Saint Leo. The Defendant is a qualified employer under Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981, as amended.

### III.   JURISDICTION & VENUE

3.     The jurisdiction of this court is invoked by Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.  This is an employment discrimination suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000*e et seq*. and 42 U.S.C. § 1981, as amended.  The jurisdiction of this Court is invoked to secure protection of and to redress the deprivation of rights secured by the "Civil Rights Act of 1964," as amended, providing damages, injunctive relief and other relief against race discrimination and retaliation in employment.

4.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the "Civil Rights Act of 1964."  Plaintiff timely filed his Charge of Discrimination within 180 days of occurrence of the last discriminatory act and has filed suit within 90 days of receipt of his Right-to-Sue Letter.  (Attached hereto to as Exhibit A are copies of the Charge of Discrimination and Right-to-Sue Letter.)

5.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

6.      Defendant conducts business in the State of Florida.

7.      Venue in this action is properly in the Middle District of Florida because the events relevant to this action occurred primarily within the geographical confines of this District.

## IV.    FACTUAL ALLEGATIONS

8.      From October 2014 through June 2017 and May 4, 2020, to the present, Plaintiff was employed by the Defendant as a Graduate Enrollment Counselor.

9.      From May 4, 2020 until July 19, 2021, Plaintiff and all similarly situated employees were allowed to work remotely due to COVID-19.

10.     While Plaintiff was working remotely, Tonya Chestnut was hired as Vice President of Graduate Enrollment.

11.     Plaintiff's initial meeting with Chestnut, Plaintiff acted completely indifferent to Plaintiff than other similarly situated white employees.

12.     A few days after Plaintiff's return from remote work, one of Plaintiff's African-American co-workers complained that they noticed Chestnut communicated with white employees but largely ignored black employees.

13.     It became apparent to Plaintiff that Chestnut's actions were racially discriminatory.

14.     On or around November 14, 2021, Plaintiff reported Chestnut's racially motivated actions to Denise Rivera, Defendant's Human Resource Representative, and was told that they would conduct an investigation.

15.     To Plaintiff's knowledge no investigation was immediately conducted and Chestnut's discrimination toward Plaintiff was continuous and ongoing.

16.     On January 1, 2022, Plaintiff requested to work remotely due to a medial issue with his son but was told by Chestnut that he would have to utilize his FMLA while other employees were allowed to work remotely.

17.     Due to Plaintiff properly complained to HR of Chestnut's racial biases, Chestnut ordered Plaintiff to turn in his laptop to prevent him from working remotely while other white employees were allowed to keep both their laptops and desktop computers.

18.     Chestnut reorganized his office and placed his desk in front of her office in further retaliation for reporting her to HR.

19.     Plaintiff timely filed a Charge of Discrimination with the EEOC, Charge No. 511-2022-01620.

20.     On June 30, 2022, Plaintiff received a letter from the U.S. Equal Employment Opportunity Commission giving notice of his right to file suit.

21.     As a result of Defendants' actions Plaintiff has been financially and emotionally damaged.

22.     Under federal and Florida law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

## V.     CAUSES OF ACTION

## COUNT ONE – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### (Race Discrimination)

23.     Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

24.     Defendant engages in an industry affecting commerce who has fifteen or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar year and is therefore subject to the requirements of Title VII of the Civil Rights Act of 1964.

25.      Pursuant to 42 U.S.C.S. § 2000e-2, race falls into a protected class under Title VII. Title VII prohibits disparate treatment in employment settings.

26.     Defendants discriminated and retaliated against Plaintiff based on his race, African-American.

27.     These distinct but ongoing actions collectively constitute one unlawful employment action that cannot be said to occur on any particular day.

28.     Additionally, pursuant 42 U.S.C.S. § 2000e-3(a) it shall be "an unlawful employment practice for an employer to discriminate against any of his

employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter."

29.     Plaintiff avers that she has suffered discrimination because of her race, African-American, in working conditions in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981, as amended.

30.     Plaintiff has lost pay, suffered embarrassment and humiliation and suffered further injuries as a result of Defendant's discriminatory actions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court assume jurisdiction of this action and award the Plaintiff the following relief:

(a)     Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, reinstatement, promotion, back pay, front pay, compensatory damages, liquidated damages, interest, attorneys' fees, expenses and costs.

(b)     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with defendant and at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

(c)     Grant such other and further relief as justice requires.

## COUNT TWO – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### (Retaliation)

31.    Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

32.    Defendant has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is therefore subject to the requirements of Title VII of the Civil Rights Act of 1964.

33.    Pursuant to 42 U.S.C.S. § 2000e-2, race falls into a protected class under Title VII. Title VII prohibits disparate treatment in employment settings.

34.    Defendants' distinct but ongoing actions collectively constitute one unlawful employment action that cannot be said to occur on any particular day.

35.    Pursuant 42 U.S.C.S. § 2000e-3(a) it shall be "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter."

36.    As a direct and proximate result of Defendants' discrimination and retaliation, Plaintiff has been damaged financially and emotionally.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court assume jurisdiction of this action and award the Plaintiff the following relief:

(a)   Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, reinstatement, promotion, back pay, front pay, compensatory damages, liquidated damages, interest, attorneys' fees, expenses and costs.

(b)   Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with defendant and at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

(c)   Grant such other and further relief as justice requires.

## COUNT THREE - 42 U.S.C. § 1981, AS AMENDED
## (RACE DISCRIMINATION, HARASSMENT, RETALIATION)

37.   Plaintiff incorporates all paragraphs set out above as if fully set out herein.

38.   Plaintiff avers that she has suffered discrimination because of her race, African-American, in working conditions in violation of 42 U.S.C. § 1981, as amended.

39.   Plaintiff has lost pay, suffered embarrassment and humiliation, and suffered further injuries as a result of Defendant's discriminatory actions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court assume jurisdiction of this action and award the Plaintiff the following relief:

(a)    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with defendant and at Defendant's request from violating 42 U.S.C. § 1981, as amended.

(b)    Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, reinstatement, promotion, back pay, front pay, compensatory damages, liquidated damages, interest, attorneys' fees, expenses and costs.

(c)    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## VI.    JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: September 28, 2022                    Respectfully submitted,


/s/Kimberly R. Dodson
Kimberly R. Dodson (DOD023)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
KimberlyDodson@kaltmanlaw.com